UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:15CV-P119-JHM

YALE L. BALCAR                                                                                    PETITIONER

v.

KENTUCKY STATE REFORMATORY                                                   RESPONDENT

**MEMORANDUM OPINION**

Yale L. Balcar, an inmate at the Kentucky State Reformatory, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on his own paper. On February 6, 2015, the Clerk of Court issued a notice of deficiency (DN 3) directing Balcar, within 30 days, to pay the $5.00 filing fee or to file an application to proceed without the prepayment of fees along with a certified copy of his prison trust account statement for the six months preceding the application. The notice also directed Balcar to file his petition on the Court's approved form. On March 16, 2015, Balcar filed another § 2241 petition on his own paper. However, he did not comply with the notice of deficiency. Therefore, on April 6, 2015, the Court entered an Order (DN 5) directing Balcar to either pay the $5.00 filing fee or to file an application to proceed without the prepayment of fees and to submit his petition on a Court-approved § 2241 petition form within 30 days. The Order warned Balcar that failure to comply within the time allotted would result in dismissal of the action.

More than 30 days have passed, and Balcar has failed to comply with any part of the Court's Order or to take any other steps in this case. Upon filing the instant action, Balcar assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on

matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Balcar's failure to comply with the Court's Order shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date: June 25, 2015

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Petitioner Balcar, *pro se*
4414.010